Ruffin, C. J.
 

 This is an action on the official bond of Arthur Whitfield, as Clerk of the County Court of Nash. During the year covered by the bond, the sum of $123 53 was paid to him as Clerk, which belonged to the relators, who were then infant wards of John Ricks. Whitfield had also in his hands a bond given by Bunn and Cooper, for $1106, which had been deposited in his office as a fund belonging to other persons, parties in another suit,
 
 which
 
 the court had ordered him to collect. On the 19th of June, 1837, Whitfield assigned that bond to Ricks; and part of the consideration therefor was the said sum of $123 53 belonging to the relators, and Ricks'then gave his receipt therefor, as being paid by Whitfield to him, as the guardian of the relators. Afterwards, in 1838, at the suit of the per-spns for whose benefit the bond had been given, Ricks was
 
 *101
 
 compelled by a decree of the Court of Equity to surrender the bond or pay over its proceeds to those persons, on the ground that he had notice of their interest in it, and that Whitfield was misapplying it; as may be seen in the reported case of
 
 Bunting
 
 v
 
 Ricks, 2
 
 Dev. & Bat. Eq. 130. No part of the proceeds of the bond was applied to the use of the relators ; and they afterwards cowing
 
 of age
 
 demanded payment and then brought this action, which was tried on the pleas of conditions performed and statute of limitations, and a verdict given under the direction of the court for the principal and interest due the relators; and from the judgment the defendants appealed.
 

 The court is of opinion the judgment was right. The action was brought within due time ; being less than three years after the elder of the relators came of age. On the other plea, the only objection urged is, that the guardian became chargeable to his wards on the transaction between him and Whitfield. But, supposing Ricks to be thus chargeable, it does not follow that Whitfield was thereby discharged. A guardian may become liable for a debt to the wards, in instances in which the debtor may not be discharged; as from negligence to collect or bring suit within a proper time, or the like. Both may be responsible to the infants. No doubt, a guardian has authority to receive money owing to his ward. But it is a different question, whether the guardian can discharge the debtor without receiving satisfaction, whereby the insolvency of the guardian would cause a loss of the debt altogether. But that need not be considered; for here the receipt given by Ricks was not under seal, and is susceptible of explanation ; and it turns out that, although intended at the time by Ricks and Whitfield as a payment, there was, in fact, no payment at all. It was held that the bond was not effectually transferred by Whitfied, and it was decreed still to belong to the original proprietors, and consequently taken from the relators. How, then, have they been satisfied by Whitfield for the money he received of theirs ?• This was no more a payment than if received in a
 
 *102
 
 forged bond, or counterfeit money. Whitfield, therefore, reliable for the money in his hands ; and. if he does so, of course do his sureties.
 

 Per ChmiAEs. Judgment affirmed.